UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OUTSTATE MICHIGAN TROWEL TRADES
FUND; OUTSTATE MICHIGAN TROWEL TRADES
HEALTH & WELFARE FUND; and OPERATIVE
PLASTERERS AND CEMENT MASONS INTERNATIONAL
ASSOCIATION JOINT APPRENTICESHIP AND TRAINING
FUND,

      Plaintiffs,

                                           CASE NO. 05-70399

v.

                                           HON. DENISE PAGE HOOD
                                           MAG. JUDGE PEPE

GERALD MILLIKEN and MARY BETH MILLIKEN,
both individually and d/b/a G. L. MILLIKEN PLASTERING,

      Defendants.
_____/

**JUDGMENT
BETWEEN PLAINTIFFS AND DEFENDANT GERALD MILLIKEN,
BOTH INDIVIDUALLY AND D/B/A G. L. MILLIKEN PLASTERING**

    At a session of said Court, held in the Theodore Levin United
States Courthouse in the City of Detroit, Michigan, on
September 30, 2005

    HON. DENISE PAGE HOOD
        UNITED STATES DISTRICT JUDGE

      This matter having come before the Court on the parties' Stipulation for Entry of Judgment between Plaintiffs and Defendant Gerald Milliken, both individually and d/b/a G. L. Milliken Plastering, and the Court being fully advised in the premises,

      1.    Judgment shall be, and the same hereby is, entered in favor of Plaintiffs and against Defendant Gerald Milliken, both individually and d/b/a G. L. Milliken Plastering ("Defendant"), in

the amount of $51,183.83[1], with interest to accrue on said amount as provided for in 28 USC §1961, and Plaintiffs shall have full execution thereon.

    2.    Defendant acknowledges and agrees that this Judgment shall be final upon entry by the Court and hereby waives and releases any and all rights of appeal, whether by right or permission, for any reason whatsoever.

    3.    Plaintiffs shall forbear from execution on the Judgment provided that Defendant fully and timely complies with (i) each of the following conditions in this paragraph 3, and (ii) the provisions contained in paragraphs 6 and 7 below, time being of the essence:

    a.    Defendant shall make consecutive monthly installment payments as set out in the following schedule:

| Due on or before | Amount due |
|---|---|
| March 25, 2005 | $2,000.00 (received) |
| April 25, 2005 | $2,000.00 (received) |
| May 25, 2005 | $2,000.00 (received) |
| June 25, 2005 | $2,000.00 (received) |
| July 25, 2005 | $2,000.00 (received) |
| August 25, 2005 | $2,000.00 (received) |
| September 25, 2005 | $2,000.00 |
| October 25, 2005 | $2,000.00 |
| November 25, 2005 | $2,000.00 |
| December 25, 2005 | $33,183.83 plus interest |
| TOTAL | **$51,183.83 plus interest** |

and

    b.    Defendant shall remain current on his monthly fringe benefit contribution reporting and payment obligations and shall timely file all reports and make full current monthly fringe benefit contributions not later than the 15th of the

---

[1] The $51,183.83 amount represents $26,170.90 in audited indebtedness for the period June 2002 through April 2004, less $2,286.60 received in payment against that audited indebtedness, plus $360.00 in costs and $654.50 in attorneys' fees through February 25, 2005, plus $25,160.03 in audited indebtedness for the period May 2004 through July 2005, plus $1,125.00 in attorneys fees from February 26, 2005 through August 24, 2005.

          month following the month in which the hours were worked by Defendant's employees on whom Defendant is obligated to contribute to Plaintiffs; provided, however, that Defendant understands and agrees that payment to one Fund shall not constitute compliance with this paragraph 3(b).

4.      All payments under paragraph 3(a) above shall be made payable to "Outstate Trowel Trades Fringe Benefit Funds" and shall be delivered to Sachs Waldman, Professional Corporation, 1000 Farmer Street, Detroit, Michigan 48226-2899, Attn: Hope L. Calati, so as to be received on or before its due date.

5.      Between November 1, 2005 and November 30, 2005, Defendant is ordered to submit to Plaintiffs, for inspection and audit, any and all books and records (without limitation whatsoever) needed by Plaintiffs to ascertain the amount of Defendant's indebtedness to Plaintiffs, if any, for the period from August 2005 to the date of production of such books and records, and Defendant shall pay for the cost of auditing such books and records.  Submission of such books and records shall be made (during normal business hours) at the address of Plaintiffs' auditors, Stefansky, Holloway & Nichols, Inc., 32300 Northwestern Hwy., Suite 208, Farmington Hills, Michigan 48334-1571, and the books and record shall remain in the auditors' possession until the auditors have completed their review of same. Notwithstanding any other provision of this Judgment, Defendant shall show cause why they should not be held in contempt for any failure to comply with the terms of this paragraph 5.

6.      Any amounts found to be owing as a result of the audit set forth in paragraph 5, including the cost of the audit, audit assessments and late payment assessments, plus all additional costs and attorney fees expended by Plaintiffs for the period from and after August 25, 2005, shall be paid within 30 days of the audit billing date to the "Outstate Trowel Trades Fringe Benefit Funds" and shall be delivered to Sachs Waldman, Professional Corporation, 1000 Farmer Street, Detroit,

Michigan 48226-2899, Attn: Hope L. Calati. In construing this paragraph 6, time is of the essence.

7.      If payment of the audit is not timely received as set forth in paragraph 6, Plaintiffs are granted leave to file for an appropriate amendment to this Judgment evidencing such additional indebtedness owing to Plaintiffs, if any, revealed by the audit set forth in paragraph 5 above, plus such additional costs and attorney fees expended by Plaintiffs for the period from and after August 25, 2005.

8.      In the event that Defendant is in default by breaching any of the conditions set forth in paragraph 3 *or* by breaching the provisions contained in paragraph 5, the Judgment in the amount of $51,183.83, plus accrued interest thereon, less payments received hereunder, shall automatically be accelerated and become immediately due and payable, and Plaintiffs shall no longer be required to forbear from execution on the Judgment and shall automatically be entitled without further application, notice, hearing or court order, to take and institute any and all actions and proceedings and exercise any and all creditor rights and remedies, to collect the amounts owing under the Judgment.

9.      Acceptance by Plaintiffs of any performance required by Defendant under the terms of this Consent Judgment or the collective bargaining agreements entered into between the Lansing, Jackson Area Plastering Contractors and Local #16 of the Operative Plasterers and Cement Masons International Association, AFL-CIO, ("Agreement") after the applicable due date, including, but not limited to the acceptance by Plaintiffs of monthly installment payments described in paragraph 3(a) after their respective due dates, the acceptance by Plaintiffs of fringe benefit contribution reports or fringe benefit contributions described in paragraph 3(b) after their respective due dates or the acceptance by Plaintiffs of payment of the audited indebtedness as set forth in paragraphs 6 and 7

after its due date shall not alter any of the obligations of Defendant under this Consent Judgment or the Agreement and shall not serve as a waiver of any of Plaintiffs' rights under this Consent Judgment or the Agreement.

10. Defendant acknowledges and agrees that he has fully read this Judgment and understands it, that he has been given the opportunity to consult with counsel and has declined to do so, and that this Judgment is being executed freely and voluntarily by him without any duress or coercion.

DATED: September 30, 2005                     s/ DENISE PAGE HOOD
                                                           UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2005, by electronic and/or ordinary mail.

                                         s/William F. Lewis
                                         Case Manager